# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2012

No. 11-30996
Summary Calendar

Lyle W. Cayce
Clerk

ALPHONSE SMITH,

Plaintiff-Appellant

v.

EAST BATON ROUGE POLICE DEPARTMENT, Investigation Officers; HILLAR MOORE, III; MICHAEL R ERWIN,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-135

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alphonse Smith, Louisiana prisoner # 123368, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Smith's claims pursuant to 28 U.S.C. § 1915(e), reasoning that they were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and, alternatively, the defendants were not legally liable for the claims under § 1983. For the same reasons, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denied Smith's motion to appeal IFP and certified that his appeal was not taken in good faith. By moving for leave to proceed IFP, Smith is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Smith asserts that the district court erred by failing to give written reasons for its certification decision beyond those contained in the magistrate judge's report and recommendation, which was adopted by the district court. This assertion is unavailing, as the district court's certification decision expressly incorporated by reference the reasoning of the report and recommendation. *See Baugh*, 117 F.3d at 202 & n.21. Smith's remaining assertions do not present any challenge to the grounds of the district court's certification decision. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Smith has not shown that the district court's certification was incorrect, and his motion for leave to proceed IFP is denied. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

We caution Smith that the dismissal of his § 1983 suit by the district court pursuant to § 1915(e) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Smith is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.